# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| TRAVIS PEDERSEN, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> 931 E. 11TH AVE. CORP. D/B/A THE PARK TAVERN & RESTAURANT, LOUIS BELEGRATIS, INDIVIDUALLY, AND KRISTENE ENRIQUEZ, INDIVIDUALLY <br><br> Defendants. | NO. 22-CV- <br><br> **Hon. Judge** <br> **U.S. District Court Judge,** <br> **Presiding** <br><br> Hon. Judge <br> Magistrate Judge <br><br> ***JURY DEMAND*** |

## COMPLAINT

NOW COMES Plaintiff, TRAVIS PEDERSEN, ("Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for his Complaint against Defendants, **931 E. 11TH AVE. CORP. D/B/A THE PARK TAVERN & RESTAURANT, LOUIS BELEGRATIS AND KRISTENE ENRIQUEZ** (the "Defendants"), states as follows:

### I.   NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq* ("COMPS").

## II.   JURISDICTION AND VENUE

2.   Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Colorado statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the District of Colorado in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III.   THE PARTIES

3.   Defendant, **931 E. 11TH AVE. CORP. D/B/A THE PARK TAVERN & RESTAURANT** (hereinafter referred to as "PTR") is a Colorado corporation that owns and operates a sports bar & grill restaurant that serves prepared and cooked food items and beverages, including alcohol, for consumption on and off its premises. PTR is located at 931 E. 11th Ave. in the Capitol Hill district of Denver, Colorado.[1]

4.   PTR lists its business address as 931 E 11th Ave Denver, CO 80218.

5.   Defendant PTR is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

6.   Defendants ordered, used and handled goods and materials, including perishable food products and alcoholic products, which moved in interstate commerce prior to being used or purchased in Colorado.

---

[1] See https://theparktaverndenver.com/

7. During all relevant times, Defendant PTR was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

8. Defendant **LOUIS BELEGRATIS** (hereinafter referred to individually as "Belegratis") is the owner, President and primary day-to-day manager and decision maker of PTR's daily operations.

9. In his capacity as owner, President and day-to-day manager of PTR, Belegratis was vested with the authority to implement and carry out the wage and hour practices of PTR.

10. Belegratis oversaw all operations of PTR, including business strategy and daily operations, and was responsible for assigning tasks, creating and distributing schedules, restaurant and staff supervision, and oversaw all aspects of PTR's business operations and customer interactions.

11. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Belegratis and Belegratis in turn responded to those communications with the authority described herein.

12. Thus, at all times relevant hereto Belegratis was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

13. Defendant **KRISTENE ENRIQUEZ** (hereinafter referred to individually as "Enriquez") is the General Manager and primary day-to-day manager of PTR's daily restaurant operations.

14. In her capacity as General Manager and day-to-day manager of PTR, Enriquez was vested with the authority, along with Belegratis, to implement and carry out the wage and hour practices of PTR.

15. Enriquez acted as the manager of PTR and, along with Belegratis, was responsible for assigning tasks, creating and distributing schedules, restaurant and staff supervision, and oversaw all aspects of PTR's daily service operations and customer interactions.

16. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Enriquez and Enriquez in turn responded to those communications with the authority described herein.

17. Thus, at all times relevant hereto Enriquez was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

18. Plaintiff, **TRAVIS PEDERSEN,** is former busser and janitor employee of Defendants who performed a variety of table bussing, cleaning and janitorial duties for PTR's restaurant as assigned by Defendants.

19. Plaintiff was compensated at an hourly wage rate less than the minimum rate required by state law. Plaintiff also regularly worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay pursuant to federal and state law.

20. Plaintiff, and members of the Plaintiff Class, only received their sub-minimum regular, straight time hourly rates of pay for all hours worked, including

overtime-eligible hours in excess of 40 in a work week such that Plaintiff and those similarly situated were denied minimum and overtime compensation.

21. Defendants compensated Plaintiff, and members of the Plaintiff Class, on an hourly basis, typically via cash, but failed to pay proper minimum wages and overtime premiums of one-and one-half times the employees' regular hourly rates of pay.

22. Plaintiff, and members of the Plaintiff Class, were paid sub-minimum hourly rates of pay for all hours worked, including overtime-eligible hours in excess of 40 in a work week in violation of the state and federal laws relied upon herein.

23. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also paid less than the federal and/or state minimum wage and only received their regular, straight time hourly rates for all hours worked and did not receive overtime premiums at a rate of one-and one-half their regular hourly rates of pay for hours worked in excess of 40 in a workweek as described herein.

24. As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.   STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

25. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants'

failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Colorado Overtime and Minimum Pay Standards Order, #38

26.     Pursuant to the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid minimum and overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under COMPS are proper for certification under Federal Rule of Civil Procedure 23.

**V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

27.     Plaintiff, at all times pertinent to the cause of action, was employed by Defendants.

28.     Plaintiff's employment as a table busser and janitor was integral and indispensable to Defendants' restaurant business.

29.     Plaintiff began working for Defendants as a table busser in approximately 2008. Plaintiff separated from Defendants' employment in approximately February 2022.

30.     Plaintiff performed general table bussing and janitor duties for PTR, including clearing, cleaning and resetting dining tables and bar seats in between customers, prep work (i.e., preparing silverware and napkins for table placement), cleaning the restaurant property (i.e., cleaning and mopping floors, bathrooms, kitchen) and other general cleaning duties as assigned.

31. All of Plaintiff's job duties, work assignments and day-to-day activities were directed by Belegratis and Enriquez. Belegratis supervised and directed Enriquez on a daily basis, which included instruction regarding Plaintiff's job duties and compensation. Enriquez managed day-to-day activities for Plaintiff and all other hourly workers.

32. Enriquez, in concert with Belegratis, handed out daily assignments, instructions and was responsible for all day-to-day oversight of the duties of Plaintiff and other class members.

33. Belegratis and Enriquez was directly involved in all of PTR's day-to-day business operations, including the minute details of daily restaurant service and the specific duties being performed by Plaintiff and other members of the Plaintiff Class each day.

34. Enriquez directly supervised and managed Plaintiff and members of the Plaintiff Class on a daily basis.

35. Belegratis, as owner and President of PTR, was the primary decision maker with regard for all of PTR's wage and hour policies, including compensation and timekeeping policies. Enriquez, as the General Manager of PTR, along with and via delegation from Belegratis, was responsible for implementation of the illegal policies carried out by Defendants as alleged herein.

36. From 2008 until approximately 2019, Plaintiff worked only as a busser. Plaintiff worked approximately 40 hours per week, at times more. Defendants paid all of Plaintiff's wages and tips in cash.

37. Defendants illegally paid Plaintiff all wages in cash, in part to avoid the minimum wage and overtime obligations of the FLSA and COMPS.

38. Defendants' improper use of cash wages deprived Plaintiff of contributions to Social Security, Medicare, Medicaid, and other employee benefits programs.

39. Furthermore, Defendants' practice of paying Plaintiff cash wages resulted in decreased amounts of taxes paid by Defendants to the United States Treasury, Internal Revenue Service and the Colorado Department of Revenue

40. Defendants did not claim a tip-credit as to Plaintiff under either the FLSA or COMPS.

41. Beginning in 2019, Defendants assigned Plaintiff janitorial duties in addition to his table bussing duties. After Plaintiff was directed by Defendants to add the role of "janitor", Plaintiff's weekly work hours increased exponentially.

42. Once Plaintiff was assigned additional janitorial work by Defendants, Plaintiff began working 7 days per week for a total at least 70 hours per week.

43. Once Plaintiff began working as both a busser and janitor, he worked approximately 40-42 hours per week as a busser and 35 hours per week as a janitor.

44. Defendants paid Plaintiff separately for work done as a busser and as a janitor.

45. The start and end times of Plaintiff's shifts varied each week, as Plaintiff was not assigned the exact same shifts each week.

46. Prior to Plaintiff's additional assignment of janitor duties, Plaintiff clocked in and out of Defendants' computer time-keeping system in accordance with Defendants' policies.

47. However, once Defendants required Plaintiff to perform additional janitor duties, Defendants directed Plaintiff to clock out of PRT's timekeeping system when he did his janitorial duties. As such, Defendants only recorded Plaintiff's work as a table busser.

48. Defendants' instructions to Plaintiff to clock out of their payroll and timekeeping system when Plaintiff performed janitor duties were implemented in bad faith and to avoid the overtime obligations of the FLSA and COMPS.

49. Beginning in 2019, after Defendants assigned janitorial duties to Plaintiff, Plaintiff was paid approximately $425 per week for his busser duties and approximately $233 per week for his off-the-clock janitor duties. In total, Plaintiff received approximately $650-$660 per week for 70+ hours of work each week between both roles.

50. During 2019, Plaintiff was paid only straight time wages, approximately $9.00 per hour, and was not paid overtime compensation of one and one-half his regular rate of pay. Plaintiff's hourly rate in 2019 of about $9.00 fell below the Colorado state minimum wage in 2019 of $11.10 per hour, pursuant to COMPS and the Colorado PAY CALC Order, 7 CCR 1103-14.

51. In approximately March 2020, corresponding with the beginning of the COVID-19 pandemic, Plaintiff briefly worked a reduced schedule of about 20 hours per week. Plaintiff was paid a flat, reduced weekly rate during the brief period of part time

work. Plaintiff worked this reduced, part-time schedule until approximately June 2020. Defendants improperly compensated Plaintiff via flat weekly rate (salary), as Plaintiff was a non-exempt employee. Plaintiff's hourly rate at this time fell below the Colorado state minimum wage of $12.00, as set forth by COMPS and the Colorado PAY CALC Order.

52. In approximately June or July 2020, Plaintiff resumed the 70+ hour schedule as a busser and janitor he worked in 2019.

53. During the latter half of 2020, Plaintiff continued to work 40-42 clocked hours per week as a busser and another 35 hours per week off the clock as a janitor. Plaintiff received the same pay of about $425 per week for his busser work and received a slight raise for his janitor work to approximately $333 per week. In total, Plaintiff received approximately $750 per week.

54. During 2020, Plaintiff was paid only straight time wages, approximately $10.80 per hour, and was not paid overtime compensation of one and one-half his regular rate of pay. Plaintiff's hourly rate in 2020 of about $10.80 fell below the Colorado state minimum wage in 2020 of $12.00 per hour, pursuant to COMPS and the Colorado PAY CALC order.

55. In 2021, Defendants finally added Plaintiff to their payroll system so that he would receive proper payroll checks for all hours worked each week between both jobs. However, Defendants' checks regularly bounced at Plaintiff's bank and were unable to be cashed. After Defendants issued a series of bad payroll checks to Plaintiff and other similarly situated employees, Defendants resumed the cash wage and work off-the-clock scheme described above.

56. In the early part of 2021, while Plaintiff was continuing to work 70+ hours a week in a dual-job role, Defendants began to fall behind on daily "cash outs" to pay Plaintiff's wages and any tips. Plaintiff believes that due to Defendants' failure to pay timely wages at the end of each shift, Defendants failed to pay Plaintiff approximately $3,000 of straight time cash wages.

57. From 2021, through the remainder of Plaintiff's employment with Defendants which ended in approximately February 2022, Plaintiff continued to work 70+ hours per week for Defendants as both a busser and janitor and received only straight time, cash wages of approximately $750 per week.

58. Throughout the duration of Plaintiff's employment during the relevant period, Defendants failed to compensate Plaintiff an hourly wage equal to the minimum wage rate required for non-tipped hourly workers in Colorado pursuant to COMPS and the Colorado PAY CALC Order. Further, Plaintiff did not receive overtime premiums of one and one-half times the regular (or minimum) hourly rate as required by the FLSA and COMPS.

59. Over the course of his employment, Plaintiff has worked more than 40 hours in most, if not all, work weeks he has worked for Defendants.

60. Plaintiff inquired with PTR, including Belegratis and Enriquez, regarding PTR's failure to pay overtime wages on numerous occasions during his employment. However, Belegratis nor Enriquez ever provided Plaintiff with a reason as to why he and other hourly employees were not paid overtime premiums.

61. During his entire employment with Defendants, Plaintiff, and members of the Plaintiff Class, were paid on a weekly basis. Plaintiff, and members of the Plaintiff Class, were only paid their regular, straight time rates of pay for all hours worked, including overtime-eligible hours in excess of 40 hours in a single work week.

62. Upon information and belief, Plaintiff understood that other hourly employees including cleaning staff, kitchen staff (cooks, dishwashers) and other non-tipped employees were paid in the same or similar fashion as described above and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks.

63. Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for such hours pursuant to the requirements of the federal and state law.

64. Plaintiff and members of the Plaintiff Class were not exempt from the minimum wage provisions of COMPS or the overtime provisions of the FLSA or COMPS. As such, Plaintiff and similarly situated employees were and are entitled to minimum wages and overtime premiums of time and one-half their hourly rates of pay for hours worked over 40 in individual work weeks.

65. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the

extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

66.   The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-66.   Paragraphs 1 through 66 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 66 of this Count I.

67.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the Named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular/effective rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

68.   Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-68. Paragraphs 1 through 68 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 68 of Count II.

69. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

70. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

71. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)  back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)  prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)  Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)  such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-71. Paragraphs 1 through 71 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 71 of Count III.

72. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

73. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

74. The Named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE COLORADO OVERTIME
### AND MINIMUM PAY STANDARDS ORDER, #38

1-74. Paragraphs 1 through 74 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 74 of this Count IV.

75. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq.*

16

76. Plaintiff, and members of the Plaintiff Class, were each an "employee" under COMPS 7 CCR 1103-1.5(A) and were not exempt from the minimum or overtime wage provisions of COMPS 7 CCR 1103-3.1, 4.1.

77. Defendants were each an "employer" as defined by COMPS 7 CCR 1103-1.6(A).

78. Under COMPS 7 CCR 1103-3.1, for all weeks during which Plaintiff and members of the Plaintiff Class were paid less than the applicable minimum wage, they were entitled to be compensated at said minimum hourly rate of pay for all hours worked during the applicable period.

79. Under COMPS 7 CCR 1103-4.1, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

80. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of COMPS 7 CCR 1103-4.1.

81. COMPS 7 CCR 1103-8.1(A) provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid balance of the full amount of overtime wages due and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

   (a)  back pay equal to the amount of all unpaid compensation for the three (3) years preceding the filing of this Complaint;

   (b)  prejudgment interest with respect to the amount of unpaid overtime compensation;

   (c)  Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Colorado Overtime and Minimum Payment Standards Order, #38; and

   (d)  such additional relief the Court deems appropriate under the circumstances.

            Respectfully submitted,

            ***Electronically Filed 07/05/2022***

            <u>/s/ Samuel D. Engelson</u>
            Samuel D. Engelson
            Colorado Bar No: 57295

            John William Billhorn
            Attorneys for Plaintiff, and those
            similarly situated, known and unknown

            BILLHORN LAW FIRM
            7900 E. Union Ave., Suite 1100
            Denver, Colorado 80237
            (720)-386-9006

            53 W. Jackson Blvd., Suite 1137
            Chicago, Illinois 60604
            (312)-853-1450